1  **ROBERT H. REXRODE, III**
   California State Bar No. 230024
2  427 C Street, Suite 300
   San Diego, California  92101
3  Telephone:  (619) 233-3169, Ext. 13
   Facsimile:  (619) 684-3553
4  robert_rexrode@rexrodelawoffices.com

5
   Attorneys for Mr. Mario Barron-Galvan
6

7
                    UNITED STATES DISTRICT COURT
8
                  SOUTHERN DISTRICT OF CALIFORNIA
9
                    (**HONORABLE MARILYN L. HUFF**)
10

| UNITED STATES OF AMERICA, | ) | CASE NO.  07cr3173-H |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS. |
| MARIO BARRON-GALVAN | ) | |
| Defendant. | ) | |
| _____ | ) | |

16                               **I.**

17              **FACTUAL & PROCEDURAL HISTORY**[1]

18     On October 21, 2007, immigration agents arrested Mr. Barron-Galvan just east of the

19  Tecate Port of Entry.  The did on suspicion of Mr. Baron-Galvan being in the country

20  illegally.

21     Following two preliminary court hearings, on November 27, 2007, Mr. Barron-Galvan

22  waived his right to indictment and entered a not-guilty plea to an information filed by the

23  government.  This information charges Mr. Barron-Glavan with two felony counts of

24  entering the United States without inspection, both in violation of 8 U.S.C. § 1325.  At this

25  arraignment on the information, Magistrate Judge Barbara L. Major set a further court date

---

[1] The following facts are based on information provided by the government.  Mr. Barron-Galvan does not admit their accuracy and reserves the right to challenge them.

for Mr. Barron-Galvan to plead guilty to the information. In the event that Mr. Barron-Galvan chose not to enter a guilty plea to the information, Magistrate Judge Major also set a motion-hearing date before this Court for January 7, 2007.

It is Mr. Barron-Galvan's understanding that the government will seek to indict him on December 27, 2007. Mr. Barron-Galvan's understanding is that the government will seek an indictment charging him with a violation of 8 U.S.C. § 1326. On the off chance the government is successful in securing this indictment, Mr. Barron-Galvan expects the government to proceed on that indictment and dismiss this case.

## II.

## MOTION COMPEL DISCOVERY

Mr. Barron-Galvan requests the following discovery. His request is not limited to those items that the prosecutor knows of. It includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies." *See United States v. Bryan*, 868 F.2d 1032 (9th Cir. 1989).

(1) Brady Information. The defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case. Under *Brady v. Maryland*, 373 U.S. 83 (1963), impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the accused. *United States v. Bagley*, 473 U.S. 667 (1985); *United States v. Agurs*, 427 U.S. 97 (1976).

(2) Any Proposed 404(b) Evidence. The government must produce evidence of prior similar acts under Fed. R. Crim. P. 16(a)(1) and Fed. R. Evid. 404(b) and any prior convictions which would be used to impeach as noted in Fed. R. Crim. P. 609. In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature" of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. The defendant requests notice two weeks before trial to give the defense time to investigate and prepare for trial.

(3) <u>Request for Preservation of Evidence</u>.  The defendant requests the preservation of all physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case.  This request includes, but is not limited to, the results of any fingerprint analysis, the defendant's personal effects, and any evidence seized from the defendant or any third party.

(4) <u>Defendant's Statements</u>.  The defendant requests disclosure and production of all statements made by the defendant.  This request includes, but is not limited to, the substance of any oral statement made by the defendant, Fed. R. Crim. P. 16(a)(1)(A), and any written or recorded statement made by the defendant.  Fed. R. Crim. P. 16(a)(1)(B)(i)-(iii).

(5) <u>Tangible Objects</u>.  The defendant seeks to inspect and copy as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents, alleged narcotics, fingerprint analyses, vehicles, or copies of portions thereof, which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to the defendant. Fed. R. Crim. P. 16(a)(1)(E).  **This request specifically incorporates a request for a copy of Mr. Barron-Galvan's "A-File" and any tapes of any deportation hearing involving Mr. Barron-Galvan.**

(6) <u>Expert Witnesses</u>.  The defendant requests the name, qualifications, and a written summary of the testimony of any person that the government intends to call as an expert witness during its case in chief.  Fed. R. Crim. P. 16(a)(1)(G).

(7) <u>Witness Addresses</u>. The defendant requests access to the government's witnesses.  Thus, counsel requests a witness list and contact phone numbers for each prospective government witness.  Counsel also requests the names and contact numbers for witnesses to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will <u>not</u> be called as government witnesses.

(8) <u>Jencks Act Material</u>.  Mr. Barron-Galvan requests production in advance of trial of material discoverable under the Jencks Act, 18 U.S.C. § 3500.  Advance production will avoid needless delays at pretrial hearings and at trial.  This request includes any "rough"

1  notes taken by the agents in this case. This request also includes production of transcripts
2  of the testimony of any witness before the grand jury. *See* 18 U.S.C. § 3500(e)(1)-(3).
3         (9) <u>Informants and Cooperating Witnesses</u>. Mr. Barron-Galvan requests disclosure
4  of the name(s), address(es), and location(s) of all informants or cooperating witnesses used
5  or to be used in this case, and in particular, disclosure of any informant who was a percipient
6  witness in this case or otherwise participated in the crime charged against Mr. Barron-
7  Galvan. *Roviaro v. United States*, 353 U.S. 52, 61-62 (1957). The government must disclose
8  any information derived from informants which exculpates or tends to exculpate Mr. Barron-
9  Galvan. *Brady v. Maryland*, 373 U.S. 83 (1963). The government must disclose any
10 information indicating bias on the part of any informant or cooperating witness. *Id.*
11        (10) <u>Residual Request</u>. Mr. Barron-Galvan intends by this discovery motion to
12 invoke his rights to discovery to the fullest extent possible under the Federal Rules of
13 Criminal Procedure and the Constitution and laws of the United States.

## II.

## MOTION FOR LEAVE TO FILE FURTHER MOTIONS

16    Mr. Barron-Galvan has received thirty-eight pages of discovery. He requests leave
17 to file further motions if necessary.

## III.

## MOTION FOR LEAVE TO INCORPORATE MOTIONS

20    It is Mr. Barron-Galvan's understanding that the government will seek to indict him
21 on December 27, 2007. Mr. Barron-Galvan's understanding is that the government will seek
22 an indictment charging him with a violation of 8 U.S.C. § 1326. On the off chance the
23 government is successful in securing this indictment, Mr. Barron-Galvan expects the
24 government to proceed on that indictment and dismiss this case. If this turns out to be the
25 case, Mr. Barron-Galvan seeks leave to incorporate the above two motions into the expected
26 new case based on an indictment.
27 //
28 //

## IV.

## **CONCLUSION**

Mr. Barron-Galvan requests this Court grant his motions.

Dated: December 23, 2007

Respectfully submitted,

 /s/ Robert H. Rexrode
**ROBERT H. REXRODE, III**
Attorney for Mr. Barron-Galvan
robert_rexrode@rexrodelawoffices.com